UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELSEY THAYER,<br><br>           Plaintiff,<br><br>     v.<br><br>DOXIMITY, INC.,<br><br>           Defendant. | Case No.  26-cv-01206-TLT<br><br>**QUESTIONS FOR THE HEARING**<br>Re: Dkt. Nos. 13, 14 |

## I.   INJURY-IN-FACT

1. **To Plaintiff:** "Plaintiffs must, at a minimum, plead that they suffered mental anguish as a result of the alleged misappropriation, and *a plausible supporting factual basis* for any such assertion." *Cohen v. Facebook, Inc.*, 798 F.Supp.2d 1090, 1097 (N.D. Cal. 2011) (emphasis added); (*Perkins v. Linkedin Corp.*, 53 F. Supp. 3d 1222, 1246 (N.D. Cal. 2014) (same). Plaintiff primarily focuses on economic harm and the commercial implications of the use of her information.

   a.   What is the plausible supporting factual basis for Plaintiff's assertion that she suffered mental anguish?

## II.   INCIDENTAL USE DEFENSE

1. **To Both Parties:** How does Defendant make money from Doximity.com?

2. **To Both Parties**: Plaintiff argues that "[c]ourts regularly considers the aggregate value of the alleged misappropriations when assessing 'incidental use' defenses."  ECF 30 at 33 (citing *Kellman v. Spokeo, Inc.*, 599 F. Supp. 3d 877 (N.D. Cal. 2022); *Spindler v. Seamless Contacts, Inc.,* No. 4:22-cv-00787, 2022 WL 16985678 (N.D. Cal. Oct. 24, 2022)).

   a.   Should the Court consider the use of Plaintiff's likeness alone when addressing

United States District Court
Northern District of California

the "incidental use" defense, or should the Court consider the use of Plaintiff's *and* similarly situated prospective class members' information collectively to determine whether the aggregate use served a commercial purpose for Defendant?

### III.    PUBLICLY-AVAILABLE INFORMATION

1. **To Both Parties**: Defendant argues that Plaintiff could have plausibly suffered mental anguish by the discovery of the use of her name and likeness on Doximity.com because Plaintiff's basic information, including her name, job title, professional contact information, and educational history are already publicly-available. ECF 14 at 21, ECF 35 at 5, 12. Plaintiff briefly addresses this point, but overlooks the context in which Defendant raises the nature of the information it uses:[1]

> Defendant provides no rationale for why someone's personal attributes (e.g., name, image, likeness, etc.) should lose protected status by virtue of being "publicly available" or "commercially accessible." See ECF No. 13 at 3. In this era, essentially everyone's name is publicly accessible. As are nearly everyone's image and likeness. Just because LeBron [sic] James's name, image, and likeness are "publicly available" (or "commercially accessible") does not mean Nike can use those protected attributes in commercials without his consent. Nor can Defendant use the names and identity of non-celebrities—who are similarly protected by the right of publicity—to advertise its social network. *See Callahan* III, 2021 WL 5050079 at *14.

a. Please discuss the impact of Defendant's assertion that it relies on publicly-available information on Plaintiff's allegation that she suffered mental anguish.

b. Please provide legal authority in support of your argument.

The parties are ***ordered*** to respond in writing by **July 10, 2026**.  The parties' responses should be no longer than five (5) pages.

//

//

---

[1] Instead, Plaintiff provides a footnote which claims that "Defendant does not build any argument around this assertion." ECF 30 at 21 n.5.

2

A timely response will allow the parties to make efficient use of their time during the hearing.

IT IS SO ORDERED.

Dated: July 7, 2026

_____
TRINA L. THOMPSON
United States District Judge